Dear Mr. Lacour:
On behalf of the Southeast Louisiana Flood Protection Authority-East, you have requested an opinion from this Office regarding the powers and duties of the Southeast Louisiana Flood Protection Authority-East ("Flood Authority") to build and manage recreational facilities or flood protection projects with recreational components. More specifically, you have requested an opinion on three separate questions:
 1. Can the Flood Authority build a recreational facility with the Non-Flood Authority operating and maintaining it?
 2. Can the Flood Authority build a flood protection project which has recreational components?
 3. Can the Flood Authority build a flood protection project and install ancillary recreational features, such as landscaping, trees, safety bollards, benches, decorative safety lighting, trash receptacles, and swing sets?
All three of these questions are answered by the language of La.R.S. 38:330.12 and La.R.S. 38:325. It is the opinion of this office that the Flood Authority has the authority to construct and own recreational facilities, but these facilities must be managed and controlled by the Non-Flood Protection Asset Management Authority (Non-Flood Authority).
As contemplated in your opinion request letter, La.R.S. 38:330.12 and La.R.S. 38:325 are not in conflict, but rather they are compatible and give rights to and set limitations for the Flood Authority with respect to recreational facilities/features. *Page 2 
La.R.S. 38:330.12 limits the scope of the Flood Authority's control over non-flood control projects[1] and gives the Non-Flood Authority the exclusive authority to control and manage such assets. However, this grant of authority to the NonFlood Authority, however, does not divest the Flood Authority of the power provided for in La.R.S. 38:325(A)(3), which states, in pertinent part:
 Levee boards shall engage in any activities related to:
 *** (3) Construction of recreational facilities which are located on or immediately adjacent to levees, except the Orleans Levee District shall not be limited to the construction of recreational facilities located on or immediately adjacent to levees.
Reading La.R.S. 38:330.12 and La.R.S. 38:325(A)(3) together, the Flood Authority has the power to construct recreational facilities, which will then be subject to the management and control of the Non-Flood Authority.
The Flood Authority may also maintain portions of the authority granted to it in La.R.S. 38:325(A)(4), which states, in pertinent part:
 Levee boards shall engage in any activities related to:
 *** (4) Maintaining, updating, renovating, or modernizing existing recreational and other facilities owned by the district.
The authority given to the Non-Flood Authority explicitly by La.R.S. 38:330.12, to manage, control, and provide maintenance to recreational facilities, significantly limits the grant of authority in La.R.S. 38:325(A)(4). However, the Flood Authority could conduct activities concerning the recreational facilities that are not subsumed by the authority to manage, control, and provide maintenance as granted in La.R.S. 38:330.12 (e.g., the construction of these facilities).[2] *Page 3 
In your opinion request, you posed a complementary question to Questions 2 and 3, which asked, "should not a de minimis
rule apply so that, when the Flood Authority cuts the grass on the flood structure [which also has a recreational facility like a swing set], it could also cut the grass around the swing sets?" With respect to that question, there is currently no law establishing such a rule. However, in the hypothetical situation that you posed, such a rule may not be needed. The transfer of authority in La.R.S. 38:330.12 to the Non-Flood Authority is only for those facilities or improvements "not directly related to providing adequate drainage, flood control, or water resources development pertaining to tidewater flooding, hurricane protection, or saltwater intrusion." The cutting of grass on a "flood structure", like a levee, would, in our opinion, be classified as maintaining a flood control structure and therefore it would not fall within the parameters of La.R.S. 38:330.12. The mere presence of the swing set does not determine the scope of the Flood Authority's power. The Flood Authority's ability to provide maintenance to property under its control would depend on the property's purpose and whether the purpose fits within the language of La.R.S. 38:330.12.
Finally, you presented a question about the Orleans Levee District's ("OLD") operation of a sector gate to maintain adequate water level on Bayou St. John. More specifically, you have asked whether the OLD could incur expenses to open and close the sector gate. With respect to that project, La.R.S. 38:330.2(2)(A) provides that flood authorities may establish,
 adequate drainage, flood control, and water resources development, including but not limited to the planning, maintenance, operation, and construction of reservoirs, diversion canals, gravity and pump drainage systems, erosion control measures, marsh management, coastal restoration, and other flood control works as such activities, facilities, and improvements relate to tidewater flooding, hurricane protection, and saltwater intrusion.
As you note in your opinion request, the control of the sector gate could fall within the understanding of "marsh management" or "water resource development" and thus would be within the Flood Authority's power. However, the classification of a certain action by the Flood Authority ultimately depends on the facts and circumstances surrounding the proposed action. As a general rule, the Attorney General's Office refrains from conducting factual evaluations.[3]
Therefore, this office cannot opine as to whether the operation of the Bayou St. John Sector Gate is within the powers of the Flood Authority. *Page 4 
We hope this sufficiently answers your inquiry; however, if we may be of further assistance please do not hesitate to contact our office.
 Sincerely yours, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By:_______________________ STEVEN B. "BEAUX" JONES Assistant Attorney General
 JDC/SBJ
[1] Any facility or improvement not directly related to "providing adequate drainage, flood control, or water resources development pertaining to tidewater flooding, hurricane protection, or saltwater intrusion." La.R.S. 38:330.12.
[2] As this office opined in La. Atty. Gen. Op. No. 07-0133, "As a matter of statutory interpretation, whenever there is an apparent conflict between a general statute and a more specific statute, the more specific statute controls and applies to the specific situation as an exception to the general statutory rule." See LeBreton v.Rabito, 97-2221 (La. 7/8/98), 714 So. 2d 1226, 1229. ("Rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible; however, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.")
[3] La. Atty. Gen. Op. No. 06-0307.